IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03308-GPG

DAWANE ARTHUR MALLETT,

      Applicant,

v.

J. OLIVER, ADX Warden/Trustee,

      Respondent.

---

ORDER TO SHOW CAUSE

---

Applicant, Dawane Arthur Mallett, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Mallett initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On February 2, 2015, Mr. Mallett filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6).

The court must construe the amended application liberally because Mr. Mallett is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mallett will be ordered to show cause why this action should not be dismissed.

Mr. Mallett seeks to be released from custody because his convictions in two

criminal cases allegedly were vacated in September 2014.  Although Mr. Mallett does

not provide a clear statement of the specific claims he is asserting in the amended

application, the following statement clarifies his purpose in filing this habeas corpus

action:

> The nature of this great writ is to challenge the illegal
> detention of the Applicant, even after both convictions were
> vacated and dismissed with prejudice: criminal case #2:02-
> cr-00416-GEB-JFM and criminal case #1:05-cr-00057-RC-
> ESH, the warden is aware of his lack of jurisdiction to
> continue to detain me and has attempted to conceal his
> knowledge of this fact; it is clear that if a person has not
> been "convicted or charged" and is being illegally detained
> he has a constitutional right to challenge this in the court of
> the appropriate jurisdiction and the courts shall order the
> Respondent to show cause!

(ECF No. 6 at 2 (capitalization altered).)

In case number 2:02-cr-416-GEB-JFM, Mr. Mallett was sentenced to 654 months

in prison after being convicted in the United States District Court for the Eastern District

of California on two counts of aiding and abetting interference with commerce by

robbery, two counts of use of a firearm, one count of aiding and abetting armed bank

burglary and kidnapping, and one count of aiding and abetting carjacking a vehicle that

had been transported in interstate commerce.  *See United States v. Mallett*, 209 F.

App'x 667 (9th Cir. 2006); *see also United States v. Mallett*, 2011 WL 475318 (E.D. Cal.

Feb. 4, 2011) (magistrate judge recommendation that 28 U.S.C. § 2255 motion be

denied).  In case number 1:05-cr-57-RC-ESH, Mr. Mallett was sentenced to a

consecutive term of 216 months in prison after being convicted in the United States

District Court for the Eastern District of Texas of assault on a federal corrections officer

and possession of a prohibited object by an inmate.  *See United States v. Mallett*, 250

F. App'x 614 (5th Cir. 2007) (per curiam); *see also Mallett v. United States*, No. 1:07-CV-922, 2010 WL 148192 (E.D. Tex. Jan. 8, 2010) (order denying 28 U.S.C. § 2255 motion).

The docketing records in Mr. Mallett's criminal cases are available on the Public Access to Court Electronic Records ("PACER") website and the court may take judicial notice of proceedings in other federal courts that have a direct relation to matters at issue.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The court has examined the docketing records in Mr. Mallett's criminal cases on PACER and finds no evidence or indication that either conviction has been vacated.  Therefore, Mr. Merritt will be ordered to show cause why this habeas corpus action should not be dismissed because the factual premise on which his claims rely, his assertion that his criminal convictions have been vacated, is incorrect.

Alternatively, to the extent Mr. Mallett may be claiming that his convictions should be vacated for some reason, he must show cause why this action should not be dismissed for lack of statutory jurisdiction because he has an adequate and effective remedy available to him in the sentencing courts pursuant to 28 U.S.C. § 2255.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  Accordingly, it is

ORDERED that Mr. Merritt show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order.  It is

FURTHER ORDERED that if Mr. Merritt fails to show good cause within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED February 5, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge